No. 01-15-00242-CR

In The Court Of Appeals
For The First District Of Texas

Paul Sturgeon
Relator

V.

Presiding Judge, 248th District Court
Of Harris County, Texas
Respondent

FILED IN
1ST COURT OF APPEALS
HOUSTON, TEXAS

MAR 16 2015

CHRISTOPHER A. PRINE

CLERK _____

On Application For Writ of Mandamus From Cause Number 1280723-A From The 248th Judicial District Court Of Harris County, Texas

Application For Writ Of Mandamus

Paul Sturgeon
Relator Pro Se
1948651
East Barza Unit
4304 Hwy 202
Beeville, Texas 78102


RECEIVED
FIRST COURT OF APPEALS
HOUSTON, TEXAS

MAR 16 2015

CHRISTOPHER A. PRINE
CLERK

## Statement Of The Case

On December 6, 2010, Paul Sturgeon, Relator herein Was Indicted For A Third degree felony Offense Of Theft. The Indictment Reads As Follows:

" On or About September 23rd, 2010, in Harris County, Texas, Paul Sturgeon did and There Unlawfully Appropriate by Acquiring And Exercising Control Over Property, Namely, One Motor Vehicle, Owned by Landy Leal, Of The Value Of Over Twenty Thousand Dollars and Under One hundred Thousand dollars, With The Intent To Deprive Landy Leal Of Property "

On June 23, 2011, Paul Sturgeon, Relator Was Convicted Of The Third degree felony Offense Of Theft Of A 2010 Black Ford Mustang, A Charge Not included in The Indictment. Relator Was Sentenced To Nine Years in the T.D.C.J.-ID and Assessed A Nine Thousand dollar Fine.

On June 23, 2011, Paul Sturgeon, Relator Timely filed A Written Notice Of Appeal in Cause No. 1280723.

During The Appeal Process in Cause No. 1280723, "New Evidence" Was Discovered That Clearly and unquestionably Proves Paul Sturgeon's, Relator's "Actual Innocence". The "Newly Discovered" Evidence includes The following:

1) The Indictment in Cause No. 1280723. This is Conclusive Evidence That unquestionably Proves Paul Sturgeon's, Relator's Actual Innocence

2) The complaint filed by the complainant, namely Leal, on Oct. 7, 2010, in cause 1280723. This is conclusive evidence that wasn't available to Paul Sturgeon's defense at time of trial, that unquestionably proves Paul Sturgeon's, Relator's "Actual Innocence." In the complaint it is alleged that:

"On August 20, 2010, Paul Sturgeon, Relator, Rented a 2010 Black Ford Mustang, from Dollar Rent-A-Car. The car was due back on September 9, 2010, but the car had not been returned or located."

This is conclusive evidence that unquestionably proves that Paul Sturgeon acquired the owner's effective consent to exercise control over the 2010, Black Ford Mustang, by and through a legal Rental Agreement (Contract) No. Y0094637-4. Therefore, Accordingly Theft did not and couldn't have occurred. Note: In Texas, the court has held that a claim of theft made in connection with a contract requires proof of more than an intent to deprive and a subsequent appropriation of the property. If only an intent and appropriation is present in a contractual matter, there is no criminal conduct because under the terms of the contract, one has the right to "deprive the owner of property" in return for consideration. See Baker V. State, 986 S.W.2d 271; Wirth V. State, 347 S.W.3d 161; Griffin V. State, 614 S.W.2d 155; And Turk V. State, 867 S.W.2d 883

3) TEXAS Law Penal Code Sec. 31.04, Which Applies To Paul S'Turgeon's, Case in Cause No. 1280723, States "

"A person commits Theft of Service If, With Intent To Avoid payment for service That The Actor knows is Provided Only For Compensation

3) Have Control Of Personal Property Under (A written Rental Agreement) The Actor holds The Property beyond The Expiration Of The Rental Agreement Without The Effective Consent Of The Owner Of the Property, Thereby depriving The Owner Of The Property Of It's use in further Rentals;

b). For Purpose of This Section, Intent To Avoid payment is Presumed, If, The Property is Returned After The Expiration Of Rental Agreement And Actor fails To Pay The Applicable Rental Charge For Property."

TEXAS Law Penal Code Sec. 31.04, is Conclusive Evidence That unquestionably Proves That Paul S'Turgeon, Relator is "Actually Innocent." Had This Evidence been disclosed To The Court And Jury at Trial, It Would have Changed The Verdict And The Outcome At Trial because No Trier Of Fact Could have Lawfully Found Proof Of Guilt beyond A Reasonable Doubt.

In The Case For Which Paul S'Turgeon Was Convicted And Sentenced, Paul. S'Turgeon, Relator Legally Rented A 2010 Black Ford Mustang Owned by Dollar Rent-A-Car And Allegedly Held The Car beyond The Rental Period. Although, Paul S'Turgeon, Relator Allegedly held The Car beyond The Rental Period, The Applicable Rental Fees Were Paid in Full. see "Newly Discovered" evidence (3) Checking Account Debit.

4) Checking Account Debit Transaction From Paul Sturgeon's Region's Account For $704.00; That Was Paid To Dollar Rent-A-Car. Upon Dollar Rent-A-Car's Demand For Payment in Rental Agreement # Y8094637-4. Payment Was Made Within Ten (10) Days Of Reciept Of Notice Demanding Payment. As Required Pursuant To Texas Law Penal Code 31.04.

This is Conclusive Evidence. That Unquestionably Proves that Paul Sturgeon, Relator is Actually Innocent And Also Proves:

A) That The Complainant Lauly Leal Committed Perjury When She Alleged in her Complaint, Dated Oct. 7, 2010, That The Car (2010 Ford Mustang) Had Not been Returned or Located. because, The Car Must be Returned before Dollar Rent-A-Car Is Authorized To Charge Paul Sturgeon's Credit Card.

B) As Required Pursuant To Tex. Law Penal Code sec. 31.04, Paul Sturgeon Paid The Applicable Rental Charges.

—II—

On Jan. 12, 2015, Paul Sturgeon's, Relator, Application For Writ Of Habeas Corpus Pursuant To T.C.C.P. Article 11.07 Was Filed Along With Copies Of The "Newly discovered" Evidence And Served On The State's District Attorney Of Harris County, Texas And The Court, 248th Judicial District Court Of Harris County, Texas.

Tex. Code Of Crim. Proc. Article 11.071 Sec. 8 "Without A Hearing:

8(A) Requires, Not Later Than The 20th day After The Last Date The State Answers The Application, The Convicting Court Must Determine Whether Controverted, Previously Unresolved Factual Issues Material To The Legality Of Applicant's Confinement Exists and Shall Issue A Written Order Of The Determination.

In The Instant Case, fourteen (14) days After Relator's Application For Writ Of Habeas Corpus Was Filed, On Jan. 26, 2015, The State, by and Through its District Attorney Filed A Motion Requesting Designation Of Issues To be Resolved (The State's Original Answer). Two Days Later, On Jan. 28, 2015, The Convicting Court Made A Determination That There are Controverted, Previously Unresolved Factual Issues Material To The Legality Of The Relator's Incarceration. And There After Issued An Order Designating Issues (ODI) To be Resolved in Cause No. 1280123-A.

The Convicting Court Did Not ORDER A hearing AS A Manner in Which To Resolve The Designated Issues Which includes Relator's Actual Innocence.

Tex. Code of Crim. Procedure Article 11.071 Sec. 8:

8(C) Requires That, The Convicting Court Must Make Appropriate Written Findings Of Fact And Conclusions Of Law Not Later Than The 15th day After The Date both Parties (The State And The Applicant) filed Their Proposed Findings Of Facts OR Not Later Than The 45th day After The Date The Convicting Court's Determination Is Made Under Subsection 8(A). Whichever Occurs First.

In The Instant Case, Relator's Proposed Findings Of Fact And Conclusions Of Law Was Filed On March 3rd, 2015 And The Convicting Court's Determination Was Made under Subsection 8(A) And The Order Determining Issues To be Resolved issued On Jan. 28, 2015. Therefore, Accordingly The Convicting Court Must Make Appropriate Written findings Of Fact And Conclusions Of Law No Later Than March 14, 2015, As Required by Law. T.C.C.P. Article 11.071 sec. 8(C).

T.C.C.P. Article 11.071 Sec. 8 (D)

8(D) Requires That The Clerk Of Court Must Immediately, After The Convicting Court's Date Expires in Which it Must Make Appropriate Written findings Of Fact And Conclusions Of Law, Send To:

1). The Court Of Criminal Appeals A Copy Of:

A). Application;

B). Answer;

C). Order Entered by The Convicting Court;

N). Proposed findings Of Fact And Conclusion Of Law; And

E). Findings Of Fact And Conclusions Of Law Entered by The Convicting Court; And

2). Counsel For The Applicant OR, If The Applicant is Proceeding Pro Se, The Applicant, A Copy Of:

A) Orders Entered by The Convicting Court;

B) Proposed findings Of Fact And Conclusions Of Law; And

C). Findings Of Fact And Conclusion Of Law Entered by The Court.

# III

## Relator

3.01 Relator has No Other Remedies Or Avenue And unnecessary delays Causes Relator Unjust Punishment And Irreparable Harm. And Denies Relator's Statutory And U.S. Federal Rights To Equal Protection, Due Process And Due Course Of Law guaranteed To The Relator by The State Of Texas And The United States Constitution.

3.02 The Act sought To be Compelled Is Ministerial, Not Discretionary in Nature Or involve Judicial Decision. And Is Mandated by T.C.C.P. Article 11.071 Sec. 8 (C) Which Requires The Respondent To Make Appropriate Written findings Of fact And Conclusions Of Law No Later Than The 15th Day After The Date The Parties filed Their Proposed findings Of fact Or Not Later Than The 45th Day After The Date The Court's Determination Is Made Under Subsection 8 (A) (Which Is January 28, 2015) Whichever Occurs first. Therefore, Accordingly, The Respondent's Must have Entered Its Appropriate Written findings Of fact And Conclusions Of Law No Later March 14, 2015.

3.03 The Respondent's Refusal To Comply With Texas Law T.C.C.P. Article 11.071 Sec. 8 (C) interfered With The District Clerk's Duty To Transmit To The Court Of Criminal Appeals The Relator's Application And Records Pursuant To T.C.C.P. Article 11.071. Sec. 8 (D). Because:

A) The Respondent's Untimely Making And Entering Of Appropriate Written Findings Of Fact And Conclusion Of Law; And

B) In Its Order Determination Of Issues (ODI) Entered under Subsection 8(A) The Respondent ORDERED The District Clerk Not To Transmit Any Documents To The Court Of Criminal Appeals until Further Ordered by The Respondent.

The District Clerk has No Authority To Hold or Continue To Hold Relator's Application For Writ Of Habeas Corpus And Records in Cause No. 1280723-A. And Is under MINISTERIAL Duty To Immediately Forward The Application And Related Records. see Gibson v. Dallas County Records, 275 s.w.3d 491, Pursuant To T.C.C.P. Article 11.071 sec. 8(D).

## IV

RESPONDENT

4.01 The Legislature Established The Limitations Period Within Which Respondent Must Act on Applications For Writ Of Habeas Corpus And Applications Must be PRESENTED To The Court Of Criminal Appeals To Ensure That Post-Conviction Constitutional Claims Would be Addressed And Resolved With Appropriate (SPEEDY) Efficiency, And Fairness.

4.02 Respondent Clearly Found Controverted, PREVIOUSLY UNResolved Factual Issues Material To The Legality Of The Relator's INCARCERATION That Need To be Resolved based On The State's Motion Designating Issues And The Respondent's Own Findings After Reviewing Relator's Application For Writ Of Habeas Corpus And Attached "Newly Discovered" Evidence. Where Relator Affirmative Proved his "Actual Innocence."

4.03    Respondent is aware of the fact that there is only one reasonable course of action due in Relator's Application for Writ of Habeas Corpus in Cause No. 1280723-A, in which awaits Respondent's Appropriate Written Findings of Facts and Conclusion of Law.

Tex. Code of Criminal Proc. Art. 11.07 (Every Provision Relating to the Writ of Habeas Corpus Must be Most Favorably Construed in Order to give Effect to the Remedy and Protects the Rights of the Person seeking Relief under it). see Ex Parte Kerr 164 S.W.3d 414 (Tex. Crim. App. 2007) (The Purpose of a Writ of Habeas Corpus is to Obtain a Speedy and Effective Adjudication of a person's Rights to Liberation from illegal Restraint. (citing Blackledge v. Allison, 431 US. 63 97 S.ct 1621 57 L.ed 2d 136 (1977) ("[T]he Very purpose of the Writ of Habeas Corpus [is] to Safeguard a Person's Freedom from Detention in Violation of Constitutional guarantees.

4.04    Respondent in his/her Capacity as Presiding Judge, In the 248th Judicial District Court of Harris County, Texas, has a Ministerial Duty to Make Appropriate Written findings of fact and Conclusions of Law in Writ of Habeas Corpus Proceedings in the Time Limitations Allocated by Legislature And Perform All other Duties imposed upon the Judge by Law Pursuant to T.C.C.P. Article 11.071 sec. 8(c). Further, The Respondent has a Ministerial Duty to Mete Out In Justice And Make Sure that Truth in Its Presence is Not Withheld, but brought forward; so that Relator's Relief entitled is Relief granted in a Speedy And effective manner. To Adjudicate Relator's Right to Liberation From illegal Restraint.

4.05 Respondent has failed /Refused To Timely Make Appropriate findings Of fact And Conclusions of Law. As Required pursuant To T.C.C.P. Art 11.071. sec 8(C), Had The Respondent Complied, Copies Of The Related Record And The Relator's Application Would have been Transmitted To The Court Of Criminal Appeals by The District Clerk as Required Pursuant To T.C.C.P. Article 11.071. sec. 8 (D). And Relator Would Receive Notice from The Court Of Criminal Appeals

4.06 As is clear from Relator's Application for Writ Of Habeas Corpus And Attached "Newly Discovered" Evidence, Relator Only Seeks What he is Lawfully And Constitutionally Entitled, his Liberation from Illegal Restraint As Expeditiously As Possible. And Allowed by Law. This is Only Possible When The Respondent Acts Accordingly And Pursuant To Texas. C. C. P. Article 11.071. 8(C) That Affects The District Clerk To Act Accordingly, Pursuant To T.C.C.P. Art. 11.071 sec 8 (D). The Respondent's Actions Are Clearly in Bad faith. And is in Violation Of Its Ministerial Duties And Thus Laws Of The State Of Texas.

4.07 Respondent, Presiding Judge, 248th Judicial District Court Of Harris County, Texas, May be Served at his /her Place Of business At Criminal Justice Center, 1201 Franklin st., 16 Fl., Houston, Texas 77002

## PRAYER

WHEREFORE, PREMISE CONSIDERED, RELATOR, Paul Sturgeon, Pro Se, Respectfully Request A finding That The Respondent Did Not Timely Make Appropriate Written findings Of fact And Conclusions Of Law Thereby Denying Relator's Statutory And federally Protected Rights To Equal

Protection, Due Process And Due Course Of Law. As Required by T.C.C.P. Article 11.071 sec. 8(C). Which Requires That The Respondent Make Appropriate Findings Of Fact And Conclusions Of Law In Cause No. 1280723-A, No Later Than May 14, 2015, 45 days After The Respondent Entered Its Order Designating Issues pursuant To T.C.C.P. Art. 11.071 Sec. 8(A). And That Relator Brought This Litigation in good faith and has Substantially PreVailed.

Relator Prays For An Order Directing Respondent To Make Appropriate Findings Of Fact And Conclusions Of Law And Enter Its Findings In Cause No 1280723. And There After Lift Respondent's Order That Prevents The District Clerk From Transmitting Relator's Application And Related Records To The Court Of Criminal Appeals. Thereby Allowing The District Clerk To Transmit Relator's Application Along With All Related Records As Required by Law Pursuant To T.C.C.P. Article 11.071 Sec. 8 (D).

Respectfully Submitted

By. _____
Relator Pro Se.

Sworn Declaration

I, Paul Sturgeon, Am The Relator in The Above Styled Cause and being presently Incarcerated in The TDCJ-ID, do declare under penalty Of Perjury That To The best of My knowledge And belief And Facts Stated herein Are True And Correct.

Signed On This The ___14th___ Day of ___March___ , 2015

_____
Signature Of Relator

Paul Sturgeon
East Garza
4304 Hwy 202
Beeville, Texas 78102

Cause No. _____

Paul Sturgeon
1948681
    Relator

ORDER

On This Day, Came To be heard the foregoing Relator's Application for Writ Of Mandamus. And it Appears To The Court That The Same Should be.

_____ Granted

It IS THEREFORE ORDERED THAT The Presiding Judge, 248th Judicial District Court Of Harris County, Texas Immediately Make Appropriate Written Findings Of Fact And Conclusions Of Law. Within Five Days After The Date This ORDER Issue.

Signed On This The _____ Day Of _____ , 20_____

_____
Justice / Judge

# CERTIFICATE OF SERVICE

I, Paul Sturgeon do hereby Certify That The Original Copy Of The Above Application for Writ Of Mandamus has been Served On The Court of Appeals Of Texas, Presiding Judge, 248th Judicial District Court, Harris County, Texas And All parties by Placing Same in The United States Mail With Proper Postage Affixed And forwarded To:

The Court Of Appeals Of Texas, For The First District Of Texas

Honorable Clerk, Chris A. Prine, 301 Fannin St., Houston, Texas 77002

On This The Date, March 14th, 2015

Relator

Paul Sturgeon

1948651

East Garza

4304 Hwy 202

Beeville, Texas 78102

Paul B. Turner
#1496651
East Garza Unit
4304 Hwy 202
Beeville, Texas 78102

RECEIVED
FIRST COURT OF APPEALS
HOUSTON, TEXAS
MAR 16 2015
CHRISTOPHER A. PRINE
CLERK

SAN ANTONIO TX 782

The Court Of Appeals
For The First District Of Texas
Clerk: Chris. A. Prine
301 Fannin St.
Houston, TX. 77002